**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **WELLS FARGO CLEARING SERVICES, LLC,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:18-CV-2660-L** |
| **MATTHEW BAILEY,** | § § § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION ORDER

Before the court is Plaintiff's Motion for Default Judgment (Doc. 8), filed February 15, 2019. After careful consideration of the motion, record, and applicable law, the court **grants** Plaintiff's Motion for Default Judgment.

**I.     Background**

On October 8, 2018, Wells Fargo Clearing Services, LLC ("Wells Fargo"), filed its Petition to Confirm Arbitration Award and for Final Judgment ("Petition") (Doc. 1). Prior to the filing of this action, the matter was submitted to arbitration because of a Promissory Note ("Note") and Agreement entered into between Wells Fargo and Matthew Bailey ("Defendant" or "Bailey"). Bailey did not file an answer or otherwise respond to the Statement of Claim ("Claim") submitted by Wells Fargo in the arbitration, even though he was properly served with and notified of the Claim.*

---

* The court determines that it has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), as the citizenships of the parties to this litigation are completely diverse, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

**Memorandum Opinion and Order – Page 1**

The Arbitrator issued his Award on November 14, 2017, holding that Bailey breached the Note and awarding damages and other costs and fees to Wells Fargo. The Award of the Arbitrator stated:

> The undersigned Arbitrator has decided and determined in full and final resolution of the issues submitted for determination as follows: 1) Matthew Bailey is liable for and shall pay to Wells Fargo Clearing Services, LLC the sum of $162,955.96. 2) Matthew Bailey is liable for and shall pay to Wells Fargo Clearing Services, LLC interest at the rate of 4.42% per annum, from and including August 16, 2016, through and including the date upon which this Award is paid in full. 3) Matthew Bailey is liable for and shall pay to Wells Fargo Clearing Services, LLC the sum of $5,000.00 in attorneys' fees pursuant to the terms of the Note. 4) Matthew Bailey is liable for and shall pay to Wells Fargo Clearing Services, LLC the sum of $1,000.00 in costs as reimbursement for the non-refundable portion of Wells Fargo Clearing Services, LLC's filing fee. 5) All other relief requests are denied.

Award 2. After the Award, Wells Fargo filed this action to confirm it. Wells Fargo served Bailey with the summons and Petition on November 1, 2018. Bailey was required to answer or otherwise respond to the Petition by November 22, 2018, 21 days after service of the summons and Petition on him. See Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant has not served an answer or otherwise responded to the Petition. Wells Fargo requested the clerk of court to issue an entry of default, and the clerk of court entered a default against Bailey on January 12, 2019.

## II. Discussion

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court has entered a default against Bailey. The court also finds, based upon the information in the record, that Defendant is not a minor, incompetent person, or member of the United States military.

Bailey, by failing to answer or otherwise respond to Plaintiff's Petition, has admitted the well-pleaded allegations of the Petition and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Stated differently, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). Accordingly, a defendant may not contest the "sufficiency of the evidence" on appeal but "is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Id.*

Based on the well-pleaded allegations of Plaintiff's Petition, which the court accepts as true, and the record in this action, the court determines that Bailey is in default and that Wells Fargo is entitled to a default judgment, appropriate damages, and attorney's fees and costs. The court, therefore, will confirm the Award issued by the Arbitrator.

## III. Conclusion

For the reasons herein stated, the court **grants** Plaintiff's Motion for Default Judgment and **confirms** the Award issued by the Arbitrator. Accordingly, Wells Fargo is entitled to and shall recover from Bailey the amount of **$191,145.77**, which includes $162,955.96 as damages; $22,189.81 as unpaid interest; $5,000 as attorney's fees; and $1,000 as costs. The court will enter judgment in favor of Wells Fargo for **$191,145.77** by separate document, as required by Federal Rule of Civil Procedure 58.

**It is so ordered** this 30th day of July, 2019.

Sam A. Lindsay
United States District Judge